Boring, J.,
dissenting:
I am obliged to dissent from the opinion read, because I think, as contended by the deputy solicitor, that the statute under which the petitioner claims is a provision for prisoners of war and for those only, and that Straughan was not a prisoner of war.
The statute (1800, c. 33, § 4) continues all the pay and emoluments of the officers and men of the vessels of the United States, “ taken by an enemy,” until “ their death, exchange, or dischargeall (hese terms are required for prisoners of war, and are applicable to no others, for only prisoners of war áre subjects of “ exchange ;” and this construes the words “taken by an enemy” to mean a public enemy under the laws of war, for only such exchange prisoners. And where all the terms of a statute are required for and applicable to only one class, they indicate no other, and authorize its application to no other. Be *604 side, the word “ enemy” does not signify an offender against the'law of nations or any other law, and of itself it authorizes no such application of it. And the law of nations and our own statutes, in the different provisions they make for the one and the other, distinguish one from the other, and thus define “ enemy” to be in legal construction an enemy under the laws of war.
The provision of the statute is an act of liberal policy to encourage enlistment in the navy by securing its officers and men against a pecuniary loss from which they have no defence but the statute, and to which they are necessarily subjected by their service as its incident. But these considerations do not apply to a case like this, where a seaman suffers a wrong from a violation of the law of nations, for which, under the law of nations, he is entitled to a full compensation from the nation committing the wrong, and which his own country is bound to enforce.
This compensation, thus secured to sufferers from such violations of law, is their proper and only sufficient remedy for the pay and emoluments of a man enjoying his liberty, and in the exercise of his vocation, is not a compensation for his deprivation of liberty and confinement in a prison; and if to this is added, what might have been in this case and may be in another, the loss of a limb or a wound disabling him for life, the substitution of pay and emoluments for the term of his detention — for the full compensation of all his injuries in mind,, body, or estate, secured to him by the law of nations, would be the grossest injustice. I think the statute did not intend this, and that neither did it intend that the sufferer should be entitled to his full compensation under the law of nations, and to his pay and emoluments under the statute beside.
For these reasons I think the statute is confined to prisoners of war; and Straughau was not a prisoner of war ; for the seizure and detention of a prisoner of war is a lawful act under the law of war, while his seizure and detention was a violation of the law of nations, a mere wrong for which the United States and the individual sufferers were entitled to reparation, aud this was demanded by the United States and acceded to by Great, Britain.
If Straughan did not receive his compensation due from Great Britain, and this from any default of the United States in efforts to secure it, they may be liable for it. But the petitioner neither avers nor shows any such default against the United States, nor doe3 she claim of them the indemnity for which Great Britain was liable; what she claims is “ pay aud emoluments,” and Great Britain was never liable for these ; *605 and they could not accrue from a violation of the law of nations, or any mere wrong, hut only on a contract or statute. And the petitioner avers, in terms, that “ she founds this claim upon an act of Congress passed April 23, 1800, c. 33, entitled,” &c. If Straughan was within the statute, the petitioner’s title under the statute to “ pay and emoluments” from the United States is absolute, and so is her title absolute, under the law of nations, to the compensation due from Great Britain; and if this has not been received a judgment for her in this case will be no bar to her recovery of such compensation in another action against the United States, if they have made themselves liable for it.
The petitioner may be entitled to much more than pay and emoluments, that is, to a full compensation for the wrong done to her intestate, hut she does not make or prove such claim here against the United States, and I think on the case made the defendants are entitled to judgment.